**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BRIAN M. CASEY,
DOC # 139647,**

    **Plaintiff,**

vs.                                              Case No. 4:23cv58-WS-MAF

**COLONEL PROCTOR, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate in the custody of the Florida Department of Corrections has submitted a pro se civil rights complaint, ECF No. 1, pursuant to 42 U.S.C. § 1983. Plaintiff also submitted an in forma pauperis motion, ECF No. 2, and a motion for a preliminary injunction, ECF No. 3. Plaintiff's complaint acknowledges that he has "three strikes" pursuant to 28 U.S.C. § 1915(g). ECF No. 1 at 9. Thus, this case can only proceed if Plaintiff's complaint sufficiently alleges that Plaintiff is in imminent danger of serious physical injury and Plaintiff has exhausted administrative remedies as required by 42 U.S.C. § 1997e(a).

First, Plaintiff has not fully disclosed all prior cases he has filed. *See* e.g., case # 4:22cv121-WS-MJF. Plaintiff lists many prior cases but states that he could not provide further information "because the F.D.O.C. does not store inactive legal cases and all notes pertaining to above cases or any cases were misplaced during prison to prison transfers." ECF No. 1 at 13. The storage limitation does not provide good cause for Plaintiff's failure to keep a list of all cases he has filed. Plaintiff's failure to present a complete, accurate, and honest listing of all prior litigation is sufficient reason to immediately dismiss the case. Plaintiff is well aware of that requirement because he has previously had cases dismissed for that very reason. *See*, e.g., case # 4:21cv463-WS-MAF, a case which Plaintiff also did not disclose.

Second, Plaintiff admits that he has had at least three cases dismissed as frivolous, malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(g). ECF No. 1 at 9 (citing to case # 1:17cv2797, case # 3:13cv92, and case # 3:13cv461). In light of that acknowledgment, this case can only proceed pursuant to 28 U.S.C. § 1915(g) if Plaintiff demonstrates that he faces "imminent danger." The complaint, ECF No. 1, has been reviewed as required by 28 U.S.C. § 1915A.

Case No. 4:23cv58-WS-MAF

Plaintiff contends that he is housed with inmates who threaten to cut his face, although he says the names of the inmates are unknown. ECF No. 1 at 5. Plaintiff alleges that "since January 29, 2023," officers use the inmate to "confront" him and he contends he is "in imminent danger." *Id.* On January 30, 2023, Plaintiff said Officer Meuth told him that his legal property box had been sent "to Dade Correctional Institution to be stolen." *Id.* Plaintiff claims that on the following day, Officer Meuth repeated that information, adding that he "was paying an inmate to steal Plaintiff's legal property." *Id.* at 5-6. Officer Meuth also said Plaintiff "would be attacked by an inmate." *Id.* Plaintiff alleges he later overheard that Officer tell inmates he wanted Plaintiff to be attacked. *Id.* at 6.

Plaintiff claims that the theft of his property "has been on-going since July of 2022 at Wakulla Correctional Institution." *Id.* at 6. He alleges several instances in December 2022 and January 2023 of stolen property. *Id.* Captain Tetrault allegedly told Plaintiff "he could not have protection from the inmates stealing his legal property." *Id.* Other prison officials told Plaintiff the same thing. *Id.*

"On January 31, 2023, Sgt. Etheridge confronted Plaintiff with the same inmates that has been used to threaten an attack with a weapon."

ECF No. 1 at 14. He contends that he was subjected to prior abuses from Officers, but he does not allege any recent date. *Id.* Those events appear to have taken place in the past. Plaintiff makes a conclusory assertion that he "cannot file grievances at Wakulla Correctional Institution because the officers will not allow him to file grievances." *Id.* He also contends that "[a]ll claims have been exhausted." *Id.* That is not possible.

Plaintiff's complaint, ECF No. 1, was filed in this Court on February 3, 2023. Plaintiff signed his complaint on February 1, 2023, and gave it to prison officials to mail for him on February 2, 2023. *Id.* at 1, 13. The Department of Corrections has an administrative grievance program, FLA. ADMIN. CODE R. 33-103, which must be exhausted prior to filing a case in federal court. 42 U.S.C. § 1997e(a). The Department's grievance process is exhausted when an inmate files an informal grievance, a formal grievance, and then a grievance appeal to the Secretary's Office. It is impossible for Plaintiff to have filed - or attempted to file - all three steps of the grievance process by February 2, 2023, because his allegations concern events which allegedly transpired on January 30th and 31st. This case cannot proceed because the claims are not exhausted as required.

It is well established law that the exhaustion requirement of § 1997e(a) is a mandatory, pre-condition to suit and there is no discretion to waive this requirement. Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); see also Porter v. Nussle, 534 U.S. 516, 524–25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."); Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).

The Supreme Court held in Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), that exhaustion is not a pleading rule that falls upon a prisoner to demonstrate in the complaint; rather, it is an affirmative defense. 549 U.S. at 211-212, 127 S.Ct. at 919. Courts generally should not depart from the usual practice under the Federal Rules of Civil Procedure which treat exhaustion as an affirmative defense. Jones, Id. at 212, 127 S.Ct. at 919. However, when it clearly appears on the face of a complaint that a prisoner failed to exhaust administrative remedies, the case may be dismissed pursuant to § 1915(e)(2)(B). Okpala

v. Drew, 248 F. App'x 72, 73 (11th Cir. 2007) (citing Jones, 127 S. Ct. at 920-21); see also Thomas v. Escambia Cnty. Jail, No. 3:21cv1906-LC-HTC, 2022 WL 848361, at *5 (N.D. Fla. Mar. 4, 2022), report and recommendation adopted, No. 3:21cv1906-LAC-HTC, 2022 WL 845352 (N.D. Fla. Mar. 22, 2022); Bilal v. Wise, 2010 WL 4668474, at *2 (M.D. Fla. Nov. 9, 2010); Sanks v. Willams, No. 407-cv-070, 2007 WL 3254368, at *2 (S.D. Ga. Nov. 2, 2007) (while a prisoner is not required to demonstrate exhaustion in his complaint, nothing precludes the sua sponte dismissal of the complaint where the prisoner affirmatively states that he has not exhausted his administrative remedies); Soler v. Bureau of Prisons, No. 3:03cv488, 2007 WL 496472, at *2 (N.D. Fla. Feb. 12, 2007) (dismissing claims sua sponte where "the allegations in the complaint, coupled with the numerous and various exhibits attached thereto, presented an adequate factual record and made clear that those claims had not been exhausted").  In this case, Plaintiff's factual allegations make clear it would be impossible for him to have exhausted administrative remedies based on the dates of the events alleged.  This case should be dismissed.

One additional comment is warranted. The allegations presented which attempt to demonstrate imminent danger are not exhausted. Yet Plaintiff also included factual allegations about the loss of his property. He stated that the issue was "ongoing" since July. It would be possible for those claims concerning the loss of property to be exhausted. Yet even so, those claims are insufficient to show that Plaintiff faces "imminent danger of serious physical injury" as required by 28 U.S.C. § 1915(g). As such, they are insufficient to permit Plaintiff to proceed in this case.

This case should be summarily dismissed without prejudice because Plaintiff did not exhaust administrative remedies as to his claims of imminent harm and he has not otherwise alleged sufficient claims to permit granting his in forma pauperis motion.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that: (1) Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g); (2) the motion for preliminary injunction be **DENIED;** and (3) this case be **DISMISSED without prejudice**. It is also **RECOMMENDED** that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on March 8, 2023.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.